## THE MERCHANTS' AND MANUFACTURERS' BANK OF PITTSBURGH, PA., v. MONINGER & RINGLAND.

1. **Practice; ADMISSION IN OPEN COURT.** When the plaintiff, in open court, admits a material fact, such admission becomes a part of the record, and may be demurred to as a part of the petition.

*Appeal from Boone District Court.*

FRIDAY, OCTOBER 11.

ACTION upon a promissory note executed by defendants, and payable to the order of Edwin Bayliss. The original petition was filed by said Bayliss as plaintiff, and is in the usual form of a petition upon a promissory note. Afterward a motion was made to substitute the Merchants' and Manufacturers' National Bank of Pittsburgh as plaintiff. The motion was sustained, and the petition was amended by interlining the following allegation: "That afterward, and before said note became due and payable, the same was duly sold and assigned to plaintiff by said Edwin Bayliss." A demurrer to the petition as amended was sustained, and it was further amended as follows: "Comes now the above named plaintiff, and by leave of the court first had and obtained files this, its amendment to its petition, and says that the plaintiff is a corporation organized, acting and doing business as a bank under the name and style of the Merchants' and Manufacturers' National Bank of Pittsburgh, Pa."

The defendants moved for a more specific statement as to plaintiff's corporate capacity, and as to whether it was incorporated under the laws of the state, or under the laws of Congress. The plaintiff then admitted in open court that it was organized under and existed by virtue of an act of Congress entitled "An act to provide a national currency secured. by a pledge of United States bonds, and to provide for the circulation and redemption thereof" (approved June 3, 1864),

and that said note in suit was discounted by plaintiff in their regular course of business as bankers. The motion for a more specific statement was thereupon overruled.

The defendants then demurred to the petition as amended, upon the ground that the plaintiff, being a banking corporation, organized under the act of Congress approved June 3, 1864, had no power or authority to purchase by sale the note in suit, and that such purchase is void in law, and plaintiff cannot recover thereon.

The demurrer was overruled, and, defendants refusing to plead over, judgment was rendered against them. Defendants. appeal.

*Holmes & Reynolds*, for appellants.

*Webb & Dyer*, for appellee.

ROTHROCK, CH. J.—Counsel for appellants argue the cause upon the assumption that the admission made in open court

1. PRACTICE: admission in open court.

that the plaintiff was a corporation organized under the act of Congress was a part of the petition, and to be so considered in determining the demurrer.

Without so considering it the demurrer would have been unavailing, because the record nowhere else shows that the plaintiff was organized under the act of Congress. Appellee filed an additional abstract, in which it was set forth that said admission was coupled with the allegation that the note in suit was discounted by plaintiff in their regular course of business as bankers. The correctness of the additional abstract is not denied, and we must accept it as true.

This being the state of the record we are precluded from determining the question so ably and elaborately argued as to the power of a national bank to purchase promissory notes.

The same record or pleading, if such it may be called, which shows that plaintiff was organized under the national banking law, shows also that the note in suit was discounted in the regular course of banking business. What the facts.

attending the transaction were does not appear. The aver-
ment is that it was a discount, and under the act of Congress
authority is expressly given to national banks to discount
and negotiate promissory notes. Rev. Stat. U. S., § 5136.

AFFIRMED.